UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                     Hon.  Arthur J. Tarnow

RONALD LABAN SEGARS,          Case No. 16-20222-3

    Defendant.

| ALDOUS BRANT COOK | Kimberly W. Stout (P38588) |
|---|---|
| Assistant United States Attorney | Kimberly W. Stout, PC |
| 411 W. Fort St, 20th FL | 370 E. Maple Rd., Third Floor |
| Detroit, Michigan 48226 | Birmingham, Michigan 48009 |
| *Attorney for the United States* | (248) 258-3181 |
| | *Attorney for Ronald Segars* |

## REPLY TO GOVERNMENT"S RESPONSE TO EMERGENCY MOTION FOR COMPASSIONATE RELEASE

Defendant Ronald Laban Segars (Segars"), through counsel, Kimberly W. Stout, humbly asks this Court to reduce his sentence to time served pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018 ("FSA"). Prior to the passage of the FSA, only the Director of the Bureau of Prisons ("BOP") could move the court for compassionate release of a defendant. *United States v. Petrossi*, No. 1:17-CR-192, 2020 U.S. Dist. LEXIS 64972, at *8 (M.D. Pa. Apr. 14, 2020). However, the FSA now expressly permits a defendant to directly move the court under § 3582(c)(1)(A)(i). Under normal circumstances, a defendant may only seek

1

such relief from a court if either (1) "the defendant has exhausted all administrative rights to appeal the BOP's failure to bring a motion on his behalf" or (2) "thirty days have elapsed since requesting that the warden of his facility initiate such action." *United States v. Paciullo*, No. 15-CR-834 (KMW), 2020 U.S. Dist. LEXIS 65198, at *4 (S.D.N.Y. Apr. 14, 2020) (citing 18 U.S.C. § 3582(c)(1)(A)).

## EXHAUSTION

The Sixth Circuit case of *U.S. vs Waseem Alam*[1], decided today, supports Segars position that he has exhausted his administrative rights and should be considered for compassionate release. Although the Sixth Circuit held that Alam's Motion should be dismissed pending exhaustion or 30 days, Alam had not yet been denied by the warden, rather, Alan "waited just 10 days after the warden's receipt of his request to file his motion in federal court, not the required 30 days." Here, Segars made his request on May 7, 2020, and was denied relief by the Warden on May 26, 2020. Segars argues there are no further specific "administrative appeals" set forth in 18 U.S.C. 3583(c )(1)(A). Therefore, he has fully exhausted all administrative rights to appeal.

If he is required to wait 30 days after his request that the warden of his facility initiate such action per the statute, the 30 days will expire June 7, 2020. June 7, 2020

---

[1] *U.S. v Alam,* No. 15-cr-20351-2, 6th Cir. June 2, 2020, No. 20-1298, submitted with Government's Reply brief.

is a mere 5 days from today's date as Segars filed a request for release with the Warden on May 7, 2020 (actually June 6th or 4 days from today as May has 31 days in the month). Therefore, Segars urges this Court hold his Motion in abeyance until June 6 or 7, 2020 before deciding by Opinion.

The *Alam* case's remedy was dismissal. However, this case is distinguishable because the reasoning in *Alam* does not apply here. The *Alam* Court states that refiling a Motion after unsuccessful exhaustion makes sense since "additional insight…may be gleaned". Here, there is nothing to be gleaned in 4-5 days. Holding the matter in abeyance would be akin to holding a habeas petition in abeyance while a petitioner exhausts state remedies, something frequently done in this District.

## **SERIOUS NATURE OF HEALTH CONDITION**

George Bernard Shaw said that "youth is wasted on the young." The cavalier dismissal of the fact that Segars had a stroke before entering prison and has hypertension by the Government highlights this acerbic adage. Like the kids in The Ozark gallivanting around in pools, middle and older age is far from their minds. Most health problems begin in middle age and progress into older ages. Segars had a stroke. He has hypertension PERIOD. His inability to care for himself in prison should he contract COVID-19 could be a death sentence. At his fiance's home, he can isolate himself and practice all CDC recommendations.

The Government also believes there is no support for the compassionate release of a defendant with hypertension, only. However, in *United States v Sawicz*, No. 08-cr-287 (ARR), 2020 U.S. Dist. LEXIS 64418, at *1 (E.D.N.Y. Apr. 10, 2020), the Defendant had hypertension and took the medication Lisinopril. He was granted release from FCI Danbury. The Court found hypertension could be deadly if the sufferer contracted COVID-19 in prison.

## **CONCLUSION**

Senator Richard Joseph Durbin said about the BOP's response to COVID-19 and compassionate release that "[w]hen we turn the key in the lock on the door of a prison or detention facility we put our collective knees on the necks of the most vulnerable people in America. The question is whether we will listen to their pleas for life?"

For the foregoing reasons, Defendant requests that this Honorable Court enter an order reducing Segars sentence and granting compassionate release.

                                          Respectfully Submitted,

Date: Jun 2, 2020                        KIMBERLY W. STOUT, P.C.

                                          /s/ Kimberly W. Stout
                                          Kimberly W. Stout (P38588)
                                          *Attorney for Defendants*
                                          370 E. Maple Rd., Third Floor
                                          Birmingham, MI 48009

**PROOF OF SERVICE**

I hereby certify that on May 29, 2020, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to counsel of record.

> /s/ Kimberly W. Stout
> KIMBERLY W. STOUT (P38588)
> *Attorney for Defendants*
> 370 E. Maple Rd., Third Floor
> Birmingham, MI 48009
> 248-258-3181